UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ANTOINE JEFFREY FURLOW,**

    Petitioner,

v.              Civil No.: 4:13cv120
                Criminal No.: 4:11cr89
UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Antoine Jeffrey Furlow's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255.[1] Petitioner's § 2255 motion advances several arguments asserting that trial counsel provided constitutionally ineffective assistance. Having considered the briefs and record, the Court finds that an evidentiary hearing is necessary <u>only</u> as to Petitioner's claim that he asked his lawyer to file an appeal and his lawyer refused. As to all other claims, for the reasons set forth below, Petitioner's § 2255 motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and numerous co-conspirators were named in a multi-count indictment charging a drug trafficking conspiracy,

---

[1] Also pending before this Court is a motion filed by Petitioner seeking a sentence reduction based on the recent retroactive changes to the United States Sentencing Guideline applicable to drug trafficking offenses. ECF No. 1190. The Court will resolve such separate motion by separate Order.

as well as other associated crimes. ECF No. 716. Pursuant to a written plea agreement, Petitioner pled guilty to the drug trafficking conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1). Petitioner was later sentenced to a total term of imprisonment of 117 months, consisting of 57 months on the drug trafficking count, and 60 months consecutive on the firearm count. Such sentence represented the low-end of the advisory Guideline range.

Subsequent to sentencing, Petitioner did not file a direct appeal of his conviction or his sentence. He did, however, timely file the instant § 2255 motion. The Government filed a brief in opposition to such motion and Petitioner subsequently filed a "Motion for Summary Judgment in Opposition to Respondent's Answer," which this Court construes as a reply brief in support of Petitioner's § 2255 motion.[2] The instant matter is therefore ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate,

---

[2] To the extent that Petitioner's filing labeled as a "Motion for Summary Judgment" should be addressed as a separate motion seeking judgment in favor of Petitioner in this § 2255 civil action, for all the reasons discussed herein, such motion is **DENIED**.

2

set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

3

Although a petitioner advancing new claims asserted for the first time in a § 2255 motion must generally "clear a significantly higher hurdle than would exist on direct appeal" United States v. Frady, 456 U.S. 152, 166 (1981), a freestanding claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06, (2003)).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S.

4

668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)) (emphasis added). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two prongs of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

When evaluating counsel's performance under the first prong of Strickland, courts "must be highly deferential." Strickland, 466 U.S. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful,

5

"every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Courts should therefore "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the petitioner fails to prove either of the two prongs of the Strickland test, the Court need not evaluate the other prong of the test. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

## III. DISCUSSION

Petitioner's § 2255 motion alleges that defense counsel provided ineffective assistance by: (1) failing to demand that the Government stipulate to a specific drug weight; (2) failing to object to the denial of a Guideline credit for acceptance of responsibility; (3) failing to review the Presentence Investigative Report ("PSR"); (4) failing to challenge the

6

firearm in furtherance count; and (5) failing to file a direct appeal. As set forth below, Petitioner's first four arguments are **DENIED** on the merits. As to Petitioner's fifth claim, that his lawyer failed to file a direct appeal, the Court **WITHHOLDS RULING** until an evidentiary hearing is conducted.

### A. Ineffective Assistance - Specific Drug Quantity

Petitioner first claims that his court-appointed lawyer provided constitutionally ineffective representation by failing to insist that Petitioner's written plea agreement articulate a specific drug quantity. Associated with such claim, Petitioner appears to argue that his conviction and/or sentence is invalid because neither his plea agreement nor his PSR establishes an "exacting amount of drugs." ECF No. 1129, at 6-7.

Petitioner's assertions of error appear to be based on both a misunderstanding of the law and an incorrect recitation of the facts. As to the law, although Petitioner argues that his conviction and/or sentence is "invalid and illegal" because his plea agreement fails to establish an "exacting" drug quantity, id., there is no legal requirement that a drug trafficking conviction be based on a precise quantity of drugs. See United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992) ("Neither the Guidelines nor the courts have required precise calculations of drug quantity."); U.S.S.G. § 2D1.1 App. n.5 (indicating that the Court "shall approximate" the drug quantity if "there is no

7

drug seizure or the amount seized does not reflect the scale of the offense").[3]

Turning to the facts relevant to Petitioner's claim, even though a drug quantity need not be determined in advance of sentencing, Petitioner and his lawyer <u>did in fact negotiate a stipulated drug quantity range</u> at the time of his plea, as reflected in the sworn "Statement of Facts" that was executed by the parties. ECF No. 905 ¶ 2. Pursuant to such stipulation, it was both parties' position that Petitioner's crime involved "between 500 grams and two kilograms" of cocaine and "less than 28 grams" of cocaine base. <u>Id.</u> Absent such stipulation, it appears that Petitioner's "base offense level" under the sentencing Guidelines in effect at the time of his sentencing would have been a level 34, but such stipulation resulted in a base offense level of 28. Accordingly, rather than demonstrating that his counsel performed deficiently at the plea stage, Petitioner's focus on this issue in his § 2255 filings

---

[3] If a defendant is sentenced based on a drug quantity that triggers an <u>increased statutory penalty</u>, the minimum quantity of drugs necessary to trigger such enhancement must either be found by the jury beyond a reasonable doubt or admitted to by the defendant. See United States v. Rudolph, 561 F. App'x 291, 292 (4th Cir. 2014) ("[F]acts that increase a statutory minimum, like those that increase a statutory maximum, must be pleaded in the indictment and either admitted by the defendant or found by a jury beyond a reasonable doubt" (citing Alleyne v. United States, 133 S. Ct. 2151, 2159-64 (2013))). However, here, even though Petitioner admitted to a drug quantity that could have triggered an increased statutory penalty, he pled guilty to, and was sentenced pursuant to, the baseline drug trafficking statute that provides <u>no enhanced statutory punishment</u>. 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

reveals that defense counsel's efforts secured a substantially lower sentence than Petitioner would have otherwise received absent the stipulation. Petitioner, therefore, has clearly failed to demonstrate constitutionally deficient performance or resulting prejudice under the two-pronged <u>Strickland</u> standard. His first claim is therefore denied.[4]

### B. Ineffective Assistance - Acceptance of Responsibility

Similar to the prior claim, Petitioner's assertion that his counsel performed deficiently by not securing a sentencing credit for acceptance of responsibility is belied by the record. Although Petitioner's PSR initially did not award a credit for acceptance, defense counsel filed a position paper specifically objecting to the lack of such credit. ECF No. 1021. The Court sustained the objection made by Petitioner's counsel at sentencing, and Petitioner's offense level was reduced by three levels, the maximum reduction permitted under the Guidelines for acceptance. U.S.S.G. § 3E1.1. Therefore, Petitioner's second claim, which relies on factually incorrect information, fails to demonstrate either deficient performance or resulting prejudice, and it is therefore denied.

---

[4] For the same reasons, the Court rejects Petitioner's apparent claim that defense counsel was deficient for failing to raise this Court's "Rule 11 violation" that purportedly occurred when the Court accepted a guilty plea that was "[de]void of a specific drug quantity." ECF No. 1129, at 24.

## C. Ineffective Assistance - § 3553(a) Factors

Petitioner's third claim appears to assert that defense counsel was ineffective for failing to review the PSR with him and failing to argue that Petitioner's sentence was "greater than necessary" under the statutory sentencing factors set forth in 28 U.S.C. § 3553(a). As to the first part of Petitioner's claim, such contention conflicts with the record, because Petitioner stated at sentencing, under oath and on the record, that he had sufficient time to review the PSR with his attorney and that there were no errors contained in the report <u>other than the two objections</u> filed by defense counsel. Cf. <u>United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005) (indicating that, absent "extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's [prior] sworn statements" are considered "patently frivolous or false") (internal citations omitted). Such claim is therefore afforded no weight by the Court.

As to Petitioner's assertion that his lawyer failed to effectively argue for a lower sentence, or that the Court failed to adequately consider the § 3553(a) factors, Petitioner fails to demonstrate constitutionally deficient performance or resulting prejudice. Based on this Court's recollection of sentencing proceedings, defense counsel provided very effective representation at sentencing, as he not only secured a <u>nine</u>

<u>level</u> reduction in Petitioner's offense level, but he argued numerous relevant § 3553(a) factors, contending that this was an unusual case based on Petitioner's background, that the Court should place an emphasis on Petitioner's impressive work history, that Petitioner had no history of violence, that he needed drug counseling, and that he grew up with a mother abusing drugs which had a very negative impact on his upbringing. Counsel further argued that even the low-end of the Guidelines would be a very long sentence because Petitioner had no prior record and will be in prison for his entire thirties.

After arguing numerous mitigating factors, any failure to expressly request a downward variance falls far short of constitutionally ineffective assistance. Rather, particularly in light of the large drug quantities involved in this case, counsel appears to have made a strategic decision that was likely made to avoid losing credibility with the Court, as a loss of credibility can occur when a lawyer requests a sentence that is simply not in line with the facts of a particular case.[5]

Moreover, even if Petitioner had demonstrated that counsel was deficient for failing to request a variance, he fails to

---

[5] It is important to note that the "stipulation" between the parties was not binding on the Court, and was thus subject to being rejected in favor of a base offense level <u>six levels higher</u> than the offense level Petitioner's sentence was ultimately based on. In such circumstances, a good defense attorney knows when a favorable deal for his client has been reached and may tread carefully not to upset such beneficial deal.

11

demonstrate a "reasonable probability" that such a request would have been successful, and thus fails to satisfy Strickland's prejudice prong.[6] Strickland, 466 U.S. at 694. For these reasons, Petitioner's third claim for relief is denied.

### D. Ineffective Assistance - Firearm Count

Petitioner's fourth claim asserts that defense counsel was ineffective based on his handling of Petitioner's § 924(c) conviction for possessing a firearm in furtherance of the drug trafficking conspiracy. Specifically, Petitioner's § 2255 brief asserts that his lawyer was deficient for failing to explain such charge to him and that it was "illegal" to charge Petitioner with such crime.

As with Petitioner's third claim, Petitioner's assertion of facts relevant to this claim expressly conflict with his prior sworn statements, and thus, are deemed "patently frivolous or false." Lemaster, 403 F.3d at 221. During Petitioner's plea colloquy, the § 924 charge was explained to Petitioner in detail, including the elements of the offense, the five year mandatory minimum sentence, and the fact that such sentence was required to be served consecutively to any other term of imprisonment imposed by the Court. Petitioner indicated, under

---

[6] Notably, the Court specifically reviewed the § 3553(a) factors on the record prior to imposing a sentence, and after careful consideration of such factors, determined that a sentence at the low-end of the advisory Guideline range was sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a).

12

oath and on the record, that he understood this. Moreover, Petitioner stated under oath that he had received a copy of the indictment and that he had fully discussed those charges and the case in general with his attorney. Petitioner further stated that he had both received a copy of the written plea agreement and his lawyer had fully explained the plea agreement to him.[7] Petitioner's directly contradictory factual assertions in his § 2255 filings are afforded no weight by the Court. Id.

Petitioner's associated argument on this issue appears to assert that, notwithstanding his prior admission of guilt, Petitioner is innocent of the § 924(c) charge because he purchased his firearm for protection, not to advance his drug trafficking activities. First, Petitioner's factual assertion that his firearm was "in storage" and unrelated to his drug trafficking activities is afforded no weight because Petitioner previously admitted, in his sworn "Statement of Facts," that "[d]uring several of the drug transactions occurring between May and December 2010, the defendant was armed with a semi-automatic handgun while engaging in the [drug trafficking] conspiracy."

---

[7] The very first page of the written plea agreement clearly states that Petitioner is pleading guilty to a § 924(c) count and sets forth the penalties for such offense. ECF No. 904 ¶ 1. The last page of the plea agreement states, immediately prior to Petitioner's signature, that he had "consulted with [his] attorney and fully understand[s] all rights with respect to the pending criminal indictment," that he "read th[e] plea agreement and carefully reviewed every part of it with [his] attorney," and that he understands the terms of the plea agreement. Id.

13

ECF No. 905 ¶ 3; see Lemaster, 403 F.3d at 221. Petitioner's admission that he carried a handgun during multiple drug transactions directly supports his guilt on this count. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (indicating that, to establish a violation of § 924(c), the government must only prove that a firearm was "possessed" in a manner that "furthered, advanced, or helped forward a drug trafficking crime," which can include providing "a defense against someone trying to steal drugs or drug profits," or to deter such conduct, or to enable a dealer to collect the proceeds of a drug deal, or to "serve as protection in the event that a deal turns sour", or to "prevent a transaction from turning sour in the first place").[8]

In contrast with Petitioner's assertions in his § 2255 filings, there is no legal requirement that a gun be "engaged" during a drug transaction. Notably, as acknowledged by Petitioner in his sworn Statement of Facts, if this case had gone to trial, the Government would have presented evidence that guns are a tool of the drug trade that are possessed during drug transactions to protect not only the drug dealer's safety, but also both the narcotics and the cash exchanged during such

---

[8] Petitioner's repeated assertions that the firearm was "legally purchased" and "surrendered" to authorities by Petitioner at the time of his arrest are largely irrelevant to the determination of whether, between the time it was purchased and the time it was surrendered, the firearm was "possessed in furtherance" of Petitioner's drug trafficking crime.

14

transactions. As noted above, the Fourth Circuit expressly recognized in Lomax that possessing a firearm for such purposes can establish that the gun was possessed in "furtherance" of the drug trafficking crime, whether or not the gun is discharged, brandished, or otherwise actively employed.[9] Petitioner therefore fails to demonstrate any legal or factual insufficiencies as to the § 924(c) conviction, and he thus fails to demonstrate that his counsel provided constitutionally deficient performance for failing to challenge such conviction. Moreover, even if counsel was deficient in some way, in light of Petitioner's sworn stipulation of facts, which he previously swore are "true and correct," Petitioner fails to demonstrate resulting prejudice as there is not a "reasonable probability" that an express challenge to such charge would have led to a different outcome. Strickland, 466 U.S. at 694.[10] Petitioner's fourth claim is therefore denied.

---

[9] To the extent Petitioner contends that he possessed the firearm merely for personal protection "[s]ome of the ways a firearm might 'further[ ], advance[ ], or help[ ] forward a drug trafficking crime' include defending the dealer's . . . person." United States v. Moore, 769 F.3d 264, 270 (4th Cir. 2014) (quoting Lomax, 293 F.3d at 705).

[10] The Court likewise rejects Petitioner's argument based on Bailey v. United States, 516 U.S. 137 (1995), which held that the "use" prong of § 924(c) is not satisfied absent some evidence that the firearm was employed or implemented in some way. First, Petitioner pled guilty to § 924(c)'s "possesses" in furtherance prong (adopted by Congress after Bailey), not its "uses or carries" during or in relation to prong. Second, even if the "uses or carries" prong of the statute was applicable, the definition of "uses" would be irrelevant to this case because Petitioner expressly admitted to "carrying" the firearm during multiple

15

### E. Ineffective Assistance - Failure to File Appeal

Petitioner's final claim asserts that defense counsel provided constitutionally deficient assistance by failing to file an appeal as requested by Petitioner. Although Petitioner waived his right to appeal pursuant to his written plea agreement, the law requires a defense attorney "to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." <u>United States v. Poindexter</u>, 492 F.3d 263, 273 (4th Cir. 2007); see <u>United States v. Witherspoon</u>, 231 F.3d 923, 925-27 (4th Cir. 2000) ("An attorney who fails to file an appeal after being instructed by his client to do so <u>is per se ineffective</u>.") (emphasis added). In opposition to Petitioner's claim, the Government relies on an affidavit submitted by Petitioner's former lawyer indicating that counsel reviewed Petitioner's appeal waiver with him and that Petitioner never asked counsel to file an appeal. ECF No. 1145 ¶ D.

Notwithstanding the sworn affidavit submitted by Petitioner's former counsel, because the instant factual dispute turns solely on credibility, it is necessary for the Court to conduct an evidentiary hearing prior to issuing a ruling on this

---

drug transactions, which plainly satisfies the "carries" portion of the "uses or carries" element.

16

issue. See United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) ("[W]e long ago recognized that there remains 'a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court.'" (quoting Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970))); United States v. Matthews, 239 F. App'x 806, 807 (4th Cir. 2007) ("Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing in open court mandatory." (citing 28 U.S.C. § 2255; Raines, 423 F.2d at 529; Witherspoon, 231 F.3d at 925-27)). Following the procedure outlined below, an evidentiary hearing is therefore ordered.

Because an evidentiary hearing is necessary, the Court **DIRECTS** the Clerk to appoint counsel to represent Petitioner at such hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.") (emphasis added). As soon as new counsel is appointed, counsel for Petitioner and counsel for the Government shall confer regarding mutually agreeable hearing dates, and counsel shall contact the undersigned Judge's calendar clerk to schedule an evidentiary hearing as soon as practicable. Based on the nature of Petitioner's claims, Petitioner **will be required** to appear in

17

person for such evidentiary hearing. Accordingly, counsel shall ensure that the date chosen for the hearing affords the United States Marshals Service adequate time to transport Petitioner to this Court.

### IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion, ECF No. 1128, is **DENIED** as to all claims <u>except</u> Petitioner's claim that his former counsel provided ineffective assistance by failing to file an appeal after he was instructed to do so. As to the failure to appeal claim, this Court **WITHHOLDS RULING** until after an evidentiary hearing is conducted.

As set forth above, the Court **DIRECTS** the Clerk to appoint a new defense attorney to represent Petitioner at the evidentiary hearing. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c). After counsel is appointed, a hearing shall be scheduled in accordance with the procedure outlined above. Petitioner **will be required** to appear in person for such evidentiary hearing.

As the instant Opinion and Order is <u>not</u> a "Final Order" in this collateral proceeding, Petitioner's limited appellate rights are not outlined herein. <u>After</u> the conclusion of the evidentiary hearing, this Court will issue a Final Order as to the pending § 2255 motion, and will at that time: (1) determine whether to issue a certificate of appealability as to any of the

18

claims that have been denied; and (2) inform Petitioner about the steps necessary to pursue an appeal as to any claim denied by this Court.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, the United States Attorney's Office in Newport News, Virginia, and the United States Marshals Service.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 23, 2015